UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PHYSICIANS HEALTHSOURCE, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ADVANCED DATA SYSTEMS INTERNATIONAL, LLC, et al.,**<br><br>Defendants. | Civil Action No. 16-3620 (JMV)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Physicians Healthsource, Inc. ("Plaintiff") for leave to file a Second Amended Complaint [ECF No. 27]. Defendant Advanced Data Systems International, LLC. ("Defendant" or "ADSI") opposes Plaintiff's motion [ECF No. 28]. The Court fully reviewed the parties' written submissions and considers Plaintiff's motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's Motion to Amend is **GRANTED**.

**I.    BACKGROUND**

By way of background, this is a "junk fax" case brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on behalf of Plaintiff and all those similarly situated. *See generally* Am. Compl. According to the Amended Complaint, on or about March 7, 2013 and March 20, 2013[1] Plaintiff received advertisements from Defendant via facsimile. Am. Compl. ¶ 2. Plaintiff claims that the faxes describe the commercial availability or quality of Defendant's

---

[1] The Court notes that the March 20, 2013 fax that Plaintiff refers to in its Amended Complaint is time stamped "March 21, 2013." *See* ECF No. 16-1 at 4. In the interest of clarity, throughout this opinion the Court will refer to said fax as the "March 20, 2013 fax."

1

products, goods and services. *Id*. Although it was not directly stated, the March 7, 2013 fax appears to be from "Advanced Data Systems Corporation" which is clearly printed at the top of the fax. Exh. 1, ECF No. 16-1 at 2. The March 20, 2013 fax, however, does not contain the same language as the March 7, 2013 fax and it is not clear who this fax is from. *Id* at 4. According to Plaintiff, these faxes were unsolicited. Am. Compl. ¶ 2.

On January 31, 2017, the Court entered a Pretrial Scheduling Order ("Scheduling Order") directing the parties to file motions for leave to amend the pleadings by no later than May 12, 2017. Scheduling Order ¶¶ 15, 16, ECF No. 23. On November 2, 2017, more than 5 months after the deadline to amend the pleadings expired, Plaintiff filed the present motion to amend. *See* Pl.'s Mot. to Am. Compl. ("Pl.'s Mot."), ECF No. 27. In its motion, Plaintiff seeks to add Advanced Data Systems Corporation of Delaware ("ADSC" or the "Proposed Defendant") as a party and to include six additional fax advertisements as exhibits. *Id*.

Defendant opposes Plaintiff's motion to amend on several grounds. *See* Def.'s Mem. in Opp'n ("Def.'s Opp'n"), ECF No. 28. In first part, Defendant argues that the record submitted by Plaintiff is devoid of any evidence of good cause, and therefore Plaintiff's motion must be denied. *Id*. at 1-2. In second part, Defendant argues that even if the Court finds good cause, Plaintiff's motion should still be denied because Plaintiff failed to offer a reasonable excuse for its undue delay. *Id*.[2]

## II. DISCUSSION

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v.*

---

[2] The Court notes that Defendant's arguments against Plaintiff's proposed amendment to add a new party mirrors its argument against Plaintiff's proposed amendment to include additional faxes. Therefore, the Court will address the proposed amendments together.

*Pittsburgh Glass Works, LLC*, 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). In situations such as the present, where a party seeks to amend "after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id*. at *2; *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed).

### A. Rule 16 Standard

Federal Rule of Civil Procedure 16 authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 469 (D.N.J. Oct. 19, 1990) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment)); *see also Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment);

*see also Harrison,* 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."). The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and accordingly, for the Court to allow its proposed amended pleading. *Prince v. Aiellos,* No. 09–5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham,* 271 F.R.D. at 118); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

The Court has "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *Phillips v. Greben,* No. 04–5590, 2006 WL 3069475, at *6 (D.N.J. Oct.27, 2006). The determination of whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch. Dist.,* 501 F.Supp.2d 695, 702 (E.D.Pa. Aug. 8, 2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings ex rel. Estate of*

4

*Stallings v. IBM Corp.,* Civ. No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark,*, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Dimensional Commc'n.,* 148 F. App'x at 85 (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment). Under some circumstances, good cause may be satisfied if the movant shows that its delay in filing the motion to amend stemmed from "any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Phillips*, 2006 WL 3069475, at *6.

    **B. Rule 16 Analysis**

With respect to the good cause standard, Plaintiff argues that good cause exists to amend after the deadline because it only learned that the unsolicited faxes it received were sent pursuant to a request by ADSC shortly before the close of discovery. Pl.'s Mot. at 6-7. Furthermore, Plaintiff argues that there is no prejudice to Defendant or ADSC (collectively "Defendants"). *Id*. at 7. Specifically, Plaintiff argues that Defendants will not be prejudiced because they share the same corporate officer, and therefore Defendants were aware of the allegations made in the Complaint since its inception. *Id*. at 5, 7. Although Plaintiff admits to inadvertently failing to include ADSC

in this action, Plaintiff claims that Defendant was aware of the error and did nothing to disabuse Plaintiff of its mistake.

In response, Defendant argues that the Court should deny Plaintiff's motion because it cannot show good cause. Defendant puts forth two arguments. Initially, Defendant argues that Plaintiff knew or should have known the identity of ADSC four years ago when it allegedly received the faxes and in June of 2016 when it filed its Complaint. *See generally* Def.'s Opp'n. Specifically, Defendant argues that Plaintiff cannot claim to have just recently learned of ADSC's identity when the sole basis of this lawsuit arose from the March 7, 2013 fax which "clearly identified, in bold capital letters, the products and services of 'ADVANCED DATA SYSTEMS CORPORATION.'" *Id*. at 8 (emphasis in original). Secondly, Defendant argues that Plaintiff had multiple opportunities to seek leave to amend but did not do so. *Id*. at 18-20.

In its reply, Plaintiff argues that it mistakenly left out one of the two corporations named Advanced Data Systems that appears on the State of New Jersey Department of the Treasury website. Pl's Reply at 3, ECF No. 34. While explaining the basis for its mistake, Plaintiff notes that ADSI and ADSC are both Delaware corporations doing business in Paramus, New Jersey, and that they both share the same corporate officers.[3] Aside from its allegedly inadvertent failure to add ADSC as a defendant before the deadline to amend expired, Plaintiff alleges that it diligently prosecuted this case. *Id*.

With respect to this contention, the Court finds that Plaintiff has demonstrated good cause. Although Plaintiff was in possession of the March 7, 2013 fax, which Defendant alleges "clearly identified" the Proposed Defendant as the sender, it appears that Plaintiff's failure to add ADSC before the deadline to amend expired was an inadvertent mistake. As noted in Plaintiff's moving

---

[3] According to Plaintiff, David Barzillai is the President of ADCS and is also the Principal of ADSI. Pl.'s Reply at 3, ECF No. 34.

papers, ADSI and ADSC share similar names and corporate officers, and they also are incorporated and do business in the same state. The Court is mindful of Defendant's position that Plaintiff should have known the identity of ADSC when it received the March 7, 2013 fax, but the Court is also mindful of the reality that even skilled and diligent lawyers make mistakes. *See In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, No. 08-CV-2177 DMC-JAD, 2012 WL 406905, at *5 (D.N.J. Feb. 7, 2012). Moreover, the Court's ruling is consistent with the Federal Rules which rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accepts the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Foman v. Davis*, 371 U.S. 178, 181-182 (1962) (citation omitted). Accordingly, the Court finds that good cause has been met and Rule 16 is satisfied.

**C. Rule 15 Standard**

Next, the Court must analyze the motion under Rule 15. In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman,* 371 U.S. at 182). Absent these factors, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

**D. Rule 15 analysis**

Here, Defendant challenges Plaintiff's proposed amendments on the grounds that the motion is unduly delayed. A court may deny a motion to amend if the movant's delay in seeking the amendment is undue. *Foman,* 371 U.S. at 182. "The mere passage of time does not require that

a motion to amend . . . be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (internal citation omitted). However, if the delay places an unwarranted burden on the court or on the opposing party, then denial based on delay is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

In support of its assertion that Plaintiff unduly delayed in seeking the proposed amendments, Defendant argues that Plaintiff should not be able to amend under Rule 15 because it was aware of ADSC's identity for at least four and a half years prior to the filing of the Complaint in this matter. Def.'s Opp'n at 24. In response, Plaintiff argues that Defendant and ADSC cannot complain of any unfair prejudice since they share corporate officers and have been aware of this action since its inception. Pl.'s Mot. at 8. Plaintiff contends that Defendant was aware that ADSC was responsible for sending the faxes that gave rise to this litigation, and rather than disclose ADSC's identity, Plaintiff claims that Defendant elected to "engage in gamesmanship with the hope of having the statute of limitations run on Plaintiff and the putative class . . . ." Pl.'s Reply at 5-6. Plaintiff further argues that any delay in filing its motion is of Defendant's own making. *Id*. at 5-6.

As previously noted, delay alone is not sufficient to warrant denial of leave to amend. *Cureton*, 252 F.3d at 273. Here, Plaintiff has offered an adequate explanation for not amending sooner: it only recently learned that ADSC was an appropriate party to this action after it obtained responses to subpoenas it issued. Pl.'s Mot. at 6. While the Court recognizes that there may have been some delay in Plaintiff filing its motion to amend, nothing in the record indicates that the delay places an unwarranted burden on the Court or Defendant. Accordingly, the Court finds that Rule 15 is satisfied.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 14th day of June 2018,

**ORDERED** that Plaintiff's motion for leave to file a Second Amended Complaint [ECF No. 27] is **GRANTED;** and it is further

**ORDERED** that Plaintiff shall file and serve his Amended Complaint within **seven (7) days** from the date of this Order.

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
