**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., *Plaintiff,* v. ADVANCED DATA SYSTEMS INTERNATIONAL, LLC, *et al*, *Defendants.* | Civil Action No. 16-3620 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Defendant Advanced Data Systems International, LLC's ("ADSI" or "Defendant") appeal of Magistrate Judge Clark's Opinion and Order granting Plaintiff Physicians Healthsource, Inc.'s motion for leave to file a second amended complaint. D.E. 46. Plaintiff filed a brief in opposition to Defendant's appeal, D.E. 54, to which Defendant replied, D.E. 55.[1] Defendant also filed a notice of supplemental authority advising the Court of a recent unpublished decision from the District of New Jersey that is purportedly relevant to its appeal. D.E. 56. For the reasons that follow, the Court affirms Judge Clark's decision granting Plaintiff leave to file an amended pleading and Defendant's appeal is **DENIED**.

---

[1] In this Opinion, Defendant's brief in support of its appeal (D.E. 46) will be referred to as "Def. Br."; Plaintiff's brief in opposition (D.E. 54) will be referred to as "Plf. Br."; and Defendant's reply brief (D.E. 55) will be referred to as "Def. Reply."

I.      BACKGROUND

This putative class action arises through the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227. In the Amended Complaint, Plaintiff alleges that on or about March 7, 2013 and March 20, 2013, it received advertisements from Defendant via facsimile that described the commercial availability or quality of Defendant's good, products and services.[2] Am. Compl. ¶ 2, D.E. 16. Plaintiff alleges that both faxes were unsolicited. *Id.* ¶ 14. The March 7 fax appears to be from "Advanced Data Systems Corporation," as its name is printed at the top of the fax. *Id.* Ex. A at 2, D.E. 16-1. The March 20 fax does not contain the same language and it is not clear who sent the fax. *Id.* at 3.

On January 31, 2017, Judge Clark entered a Scheduling Order directing the parties to file motions for leave to amend the pleadings by May 12, 2017. D.E. 23. On November 2, 2017, more than five months after the deadline to amend, Plaintiff filed a motion to amend the complaint. In its motion, Plaintiff sought to add Advanced Data Systems Corporation of Delaware ("ADSC" or "Proposed Defendant") as an additional Defendant and include six additional fax advertisements as exhibits to the complaint. D.E. 27. Defendant opposed Plaintiff's motion, arguing that Plaintiff failed to establish good cause to amend after the deadline to do so expired pursuant to Rule 16, and that even if the Court finds good cause, Plaintiff did not provide a reasonable excuse for its undue delay such that the proposed amendments would be improper under Rule 15. D.E. 28.

Judge Clark granted Plaintiff's motion to amend on June 15, 2018. *See* Opinion, D.E. 42. Because the deadline to amend had passed, Judge Clark first applied the good cause standard of Rule 16. Judge Clark concluded that Plaintiff demonstrated good cause because its failure to add

---

[2] Plaintiff refers to the second fax as the March 20 fax, although the Court notes, as did Judge Clark, that the fax is time-stamped March 21, 2013. *See* Am. Compl. Ex. A at 3, D.E. 16-1. Like Judge Clark, the Court will refer to the second fax as the March 20 fax in the interest of clarity.

2

ADSC previously was an "inadvertent mistake." Opinion at 6. In reaching this conclusion, Judge Clark noted that ADSI and ADSC "share similar names and corporate officers, and they also are incorporated and do business in the same state." *Id.* at 7. Judge Clark then analyzed Plaintiff's motion under Rule 15, concluding that Rule 15 was satisfied because there was no undue delay in Plaintiff's failure to add ADSC earlier in the litigation.[3] *Id.* at 7-8.

On June 27, 2018, Defendant appealed Judge Clark's decision granting Plaintiff leave to amend. Defendant argues that Judge Clark erred in applying the Rule 16 good cause standard and in deciding that Plaintiff also satisfied the more liberal Rule 15 standard.

## II.  LEGAL STANDARD

A magistrate judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A). A district court may only reverse a magistrate's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation omitted)). A ruling "is contrary to law when he or she has 'misinterpreted or misapplied applicable law.'" *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 315 (D.N.J. 2009) (quoting

---

[3] Defendant only argued that the motion to amend should be denied pursuant to Rule 15 on the basis of undue delay. Opinion at 7. As a result, Judge Clark did not address the other factors that may provide a basis for denying a Rule 15 motion. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (explaining that a motion to amend pursuant to Rule 15(a) should be liberally granted absent (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

3

*Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). Motions to amend are considered non-dispositive matters in this district. Therefore, the Court reviews Judge Clark's June 15 ruling for clear error or a decision contrary to law. *Sensient Colors, Inc.*, 649 F. Supp. 2d at 314.

### III.  ANALYSIS

#### 1. Good Cause Standard

In most cases, Rule 15 governs whether a party may amend a pleading. Rule 15 provides that courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). While not squarely addressed by the Third Circuit, many courts have concluded that "where the Court-ordered deadline for filing an amended pleading has passed, the party seeking to amend the pleading must first show 'good cause' to justify a modification of the scheduling order under Rule 16(b)(4)." *Duran v. Merline*, 923 F. Supp. 2d 702, 732 (D.N.J. 2013); *see also High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *2 n.2 (D.N.J. Jan. 24, 2107) ("A request to file an amended pleading after a deadline contained in a scheduling order generally implicates Rule 16(b)."). Thus, to amend a complaint after the deadline to amend has passed, a party must establish good cause pursuant to Rule 16 and satisfy the Rule 15(a) standard. *Duran*, 923 F. Supp. 2d at 732.

Defendant does not argue that the good cause standard should not have been applied here. Rather, Defendant argues that Judge Clark misapplied the Rule 16 good cause standard. First, Defendant argues that Judge Clark committed clear error in concluding that Plaintiff's mistake

4

constituted good cause under Rule 16. Specifically, Defendant contends that equating mistake with good cause "eviscerates" the good cause standard. Def. Br. at 12-13.

"A finding of good cause depends on the diligence of the moving party." *GlobespanVirata, Inc. v. Tex. Instruments, Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). But whether good cause is present is a fact-specific inquiry that "necessarily varies with the circumstances of each case." *High 5 Games, LLC*, 2017 WL 349375, at *2 n.2 (quoting 6A Alan Wright et al., *Federal Practice & Procedure* § 1522.2 (3d ed. 2010)). As a result, courts have "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b)." *Id.* (quoting *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007)). And in certain circumstances, courts have determined that the good cause standard is satisfied even if the delay in seeking leave to amend stemmed from "a mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the scheduling order." *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, No. 08-2177, 2012 WL 406905, at *4-5 (D.N.J. Feb. 7, 2012) (quoting *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)) (finding good cause to amend complaint to add paragraphs that were inadvertently left out of original amended complaint after the deadline to amend had passed); *see also Troilo v. Michner*, No. 13-2012, 2015 WL 7012743, at *2 (D.N.J. Nov. 12, 2015) (finding good cause despite the fact that "nothing before the Court suggests that the United States' failure to plead its [applicable] defense was the result of anything other than a mistake or excusable neglect"). Accordingly, Judge Clark did not misinterpret or misapply the applicable law in determining that good cause may be satisfied when delay stems from a mistake or excusable neglect.

Defendant also argues that the good cause standard required Plaintiff to show that despite reasonable diligence, it could not have discovered the facts supporting the amendment before the deadline to amend, and that Judge Clark failed to recognize that Plaintiff did not do so here. Def. Br. at 9. The good cause standard is not that rigid. As explained above, and as recognized by Judge Clark, a determination that good cause is present is fact specific and courts have "great discretion" when assessing good cause. *High 5 Games, LLC*, 2017 WL 349375, at *2 n.2. Moreover, courts have found good cause despite the fact that the party seeking the amendment had knowledge of the information it sought to include in an amended complaint in advance of a scheduling order deadline. *See, e.g., Sabatino v. Union Township*, No. 11-1656, 2013 WL 1622306, at *5 (D.N.J. Apr. 15, 2013) (finding good cause standard was satisfied where plaintiff obtained information that would have pointed to proposed new parties in the initial Rule 26 disclosures); *Kennedy v. City of Newark*, No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) (concluding that the plaintiff sufficiently explained delay in seeking leave to amend even though he received knowledge of proposed defendant's identity through written discovery responses).

Similarly, Defendant maintains that Judge Clark's decision that Plaintiff established good cause was not supported by the evidence. Namely, Defendant argues that Plaintiff failed to establish that it acted with appropriate diligence in seeking leave to amend. Def. Br. at 13-17. This Court cannot conclude that Judge Clark committed clear error on these grounds. First, Judge Clark determined that Plaintiff's failure to amend earlier was an "inadvertent mistake." Opinion at 6. Judge Clark observed that Defendant and ADSC share similar names and corporate officers, and are incorporated and do business in the same state. *Id.* at 6-7. As discussed, good cause may be present even in the face of an inadvertent mistake. Second, Judge Clark's decision that Plaintiff

6

satisfied the good cause standard rested on fact that allowing Plaintiff to amend would enable a "proper decision on the merits" rather than devolving into a case of gamesmanship. *Id.* at 7 (quoting *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). As a result, viewing the evidence as a whole, the Court finds that Judge Clark did not commit clear error in finding that Plaintiff satisfied the Rule 16 good cause standard and that Judge Clark's decision was not contrary to the law.

### 2. Undue Delay

Defendant also argues that Judge Clark incorrectly determined that Plaintiff satisfied the Rule 15 standard because Plaintiff unduly delayed seeking leave to amend. Def. Br. at 22-25. Motions for leave to amend pursuant to Rule 15(a)(2) are liberally granted absent (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. *Great W. Mining & Mineral Co.*, 615 F.3d at 174 (quoting *Foman*, 371 U.S. at 182). Moreover, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).

In this instance, Defendant only argued that the motion to amend should be denied on the grounds of undue delay, but Judge Clark rejected this argument. Judge Clark explained that "[w]hile the Court recognizes that there may have been some delay in Plaintiff filing its motion to amend, nothing in the record indicates that the delay places an unwarranted burden on the Court or Defendant." Opinion at 8. Defendant argues that this conclusion was contrary to law and clearly erroneous.

Defendant appears to argue that the delay was undue simply because Plaintiff had information identifying ADSC prior to filing the initial complaint. Def. Br. at 24. But "[t]he mere

7

passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Delay only becomes undue if it "plac[es] an unwarranted burden on the court, or . . . the opposing party." *Id.* Defendant fails to identify any such burden here.

Defendant also argues that it is prejudiced because "professional plaintiff TCPA litigations are a drain on judicial resources and seldom provide any substantive benefit to those beyond the named plaintiff and class counsel." Def. Br. at 25.[4] Thus, Defendant continues that it will be prejudiced if Plaintiff is allowed to add an additional party at the close of fact discovery. *Id.* Although Defendant will certainly be required to respond to new discovery requests about the new faxes, this does not amount to an unwarranted burden. Moreover, if Defendant's repeated assertions that it is not the proper party are in fact correct, then the additional discovery will have little impact on Defendant. In addition, Plaintiff filed its motion to amend before the close of discovery and the dates on which expert reports were to be served, and prior to any dispositive motion practice. *See* Aug. 22, 2017 Scheduling Order, D.E. 26. Thus, there is also not an unwarranted burden on this Court. Accordingly, Judge Clark's determination that there was not undue delay was not clearly erroneous. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (explaining that prejudice from undue delay may exists if the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993))).

---

[4] This argument, frankly, appears to express frustration with the TCPA itself. Of course, such a matter is properly addressed to Congress rather than this Court.

8

Finally, Defendant contends that Judge Clark misapplied the law because he failed to recognize that Plaintiff had the burden to explain its reason for delay. Def. Br. at 24-25. Defendant is correct that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton*, at 252 F.3d at 273. But Judge Clark determined that Plaintiff offered an adequate explanation for not amending sooner. *See* Opinion at 8. Although Defendant may disagree with this conclusion that does not equate to a misapplication the relevant law.

Accordingly, this Court determines that with respect to Judge Clark's conclusion that Plaintiff satisfied Rule 15(a), Judge Clark did not commit clear error nor was his decision contrary to law.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

It is on this 11th day of June, 2019, hereby

**ORDERED** that the Court affirms Judge Clark's June 15, 2018 Opinion and Order granting Plaintiff's motion for leave to amend, and it further

**ORDERED** that Defendant's appeal (D.E. 46) is **DENIED**.

*[signature]*
**John Michael Vazquez, U.S.D.J.**